# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL TEED,                              )
                                          )
                Petitioner,      )        Civil Action No. 3:25-CV-28
                                          )
                v.               )        Magistrate Judge Maureen P. Kelly
                                          )
UNDERWOOD, *Warden FCI Loretto*,          )        Re: ECF No. 3
                                          )
                Respondent.      )

## MEMORANDUM OPINION

For the reasons that follow, the "Petitioner [*sic*] under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody" (the "Petition"), ECF No. 8, will be denied as an abuse of the writ.[1]

## I.    RELEVANT BACKGROUND

Petitioner Daniel Teed ("Petitioner") is a federal prisoner currently incarcerated at the Federal Correctional Institution at Loretto ("FCI-Loretto") in Cresson, Pennsylvania. He is serving an aggregate sentence of 138 months of incarceration for conspiracy to commit sex or conspiracy to commit sex trafficking of children in violation of 18 U.S.C. § 1594(c), failure to register as a sex offender in violation of 18 U.S.C. § 2250, and failure to surrender for service of a sentence in violation of 18 U.S.C. § 3146(a)(2), arising from two separate cases. See ECF No. 10-5 at 2; ECF No. 10-6 at 2-3.

## II    THE PETITION

In the Petition, Petitioner attacks the decision of the Federal Bureau of Prisons ("BOP") refusing to apply Earned Time Credits ("ETCs") under the First Step Act ("FSA"), Pub. L. No.

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge on March 11, 2025. ECF Nos. 7 and 12.

115-391, 132 Stat. 5208 (2018), to Petitioner's sentence.  ECF No. 3 at 4.  The asserted basis for the BOP's refusal to apply ETCs is Petitioner's conviction under Section 2250 for failing to register as a sex offender.  Id. at 13-14.  A prisoner serving a sentence for violating this law is statutorily ineligible to receive ETCs.  18 U.S.C. § 3632(d)(4)(D)(xxxviii).[2]

Petitioner asserts that only 13 percent of his total sentence – 18 months of the aggregate 138 months – is attributable to his conviction under Section 2250.  The lion's share of his sentence – 120 months – is attributable to his conviction under Section 1594(c), which is not precluded from receiving ETCs by Section 3632(d)(4)(D).  Petitioner essentially argues that he is entitled to a prorated share of ETCs because not all of his aggregate term of incarceration is due to his conviction for violating Section 2250 by failing to register as a sex offender.  ECF No. 3 at 14-16.

Petitioner's legal theory is that the BOP's refusal to apply any ETCs at all to his sentence violates the Administrative Procedure Act.  Id. at 13-14.  It is his position that the recent decision of the United States Supreme Court in Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 396 (2024), which overruled the prior doctrine of deference to agency constructions of ambiguous statutes under Chevron USA, Inc. v. NRDC, 467 US 837, 843-43 (1984), compels this Court to abrogate BOP regulations at 28 CFR §§ 523.41(d) and 523.44(a)(1), and to require the BOP to provide the prorated share of ETCs that Petitioner desires.  ECF No. 3 at 16-18.  See also id. at 18

---

[2] This statutory subsection states, in pertinent part:

> (D) Ineligible prisoners.--A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:

> (xxxviii) [18 U.S.C.] Section 2250, relating to failure to register as a sex offender.

and 23 (raising additional arguments why the FSA should be construed to compel the BOP to apply

ETCs to Petitioner's sentence).

This is not Petitioner's first attempt to force the BOP to apply a prorated share of ETCs to

this same aggregate sentence.  In 2022, Petitioner filed a similar federal habeas petition under

Section 2241 in the United States District Court for the Middle District of Pennsylvania.  In that

Petition, Petitioner:

> assert[ed] that the BOP violated his due process rights by improperly
> deeming him ineligible for earned time credits under the FSA. [].
> Essentially, [Petitioner] argue[d] that his sentences for different
> offenses should be treated in a bifurcated manner for FSA eligibility
> purposes. For relief, [Petitioner] request[ed] that the court order the
> BOP to deem him eligible for earned time credits under the FSA
> during the time he was serving his first sentence, to apply these
> earned time credits to his sentence, and to deem the provisions of 18
> U.S.C. § 3632(d)(4)(D) unconstitutional.

Teed v. Warden, Low Sec. Corr. Inst., Allenwood, No. 22-cv-1568, 2023 WL 1768121 (M.D. Pa.

Feb. 3, 2023), at *1 (internal citations omitted).  That district court denied his petition, finding that,

as a matter of statutory construction, 18 U.S.C. § 3584(c) permitted the BOP to aggregate an

inmate's multiple sentences to form a single sentence for computation purposes.[3]  Id. at *3 (citing

Chambers v. Warden Lewisburg USP, 852 F. App'x 648 (3d Cir. 2021)).

The United States Court of Appeals for the Third Circuit affirmed the Middle District's

denial of federal habeas relief, stating:

> Before reaching the conclusion that he was ineligible, the BOP
> aggregated his sentence pursuant to § 3584(c), which provides that
> "[m]ultiple terms of imprisonment ordered to run consecutively or
> concurrently shall be treated for administrative purposes as a single,
> aggregate term of imprisonment." Calculation of an inmate's term

---

[3] 18 U.S.C. § 3584(c) provides: "Treatment of multiple sentence as an aggregate.--Multiple terms
of imprisonment ordered to run consecutively or concurrently shall be treated for administrative
purposes as a single, aggregate term of imprisonment."

> of imprisonment is widely recognized as an "administrative purpose" well within the BOP's responsibilities as charged by Congress. <u>See generally</u> <u>United States v. Martin</u>, 974 F. 3d 124, 136 (2d Cir. 2020) (citing <u>United States v. Wilson</u>, 503 U.S. 329, 333-35 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.") (emphasis omitted)). Accordingly, here, we view BOP's aggregation of [Petitioner's] sentence and FSA ineligibility designation to be proper.

<u>Teed v. Warden Allenwood FCI Low</u>, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023).

## III.    ABUSE OF THE WRIT

In <u>Benchoff v. Colleran</u>, 404 F.3d 812, 817 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that the common law "abuse of the writ doctrine" survived passage of the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"). <u>See also</u> <u>Felker v. Turpin</u>, 518 U.S. 651, 664 (1996) (holding that the restrictions on successive petitions found in Section 2244, "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ'" and applying those principles to an original petition filed under 28 U.S.C. § 2241).

The Third Circuit has explained that as a practical matter, the abuse of the writ doctrine compels a habeas petitioner to raise all of his claims concerning both his conviction and the administration of his sentence that are available to him at the time of the filing of the petition in that one petition. The Third Circuit further explained that the abuse of the writ "doctrine does, however, bar claims that could have been raised in an earlier habeas corpus petition. [] Thus, a subsequent petition that challenges the administration of a sentence is clearly not a 'second or successive' petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition." <u>Benchoff</u>, 404 F.3d at 817 (internal citations omitted).

Relevant to this case, the United States Supreme Court overruled <u>Chevron</u> deference in <u>Loper Bright</u> in 2024 – after Petitioner's initial 2241 petition attacking the BOP's denial of ETCs had been rejected by the Middle District, and the same had been affirmed by the United States Court of Appeals for the Third Circuit.  The problem with Petitioner's attempted application of <u>Loper Bright</u> to the instant federal habeas petition – and thus presumably to avoid the application of the abuse of the writ doctrine – is that Petitioner's prior 2241 petition was not decided based on <u>Chevron</u> deference.[4]  And no wonder, as the text of Section 3584(c) is not ambiguous.  Congress clearly stated that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently ***shall*** be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c) (emphasis added).

Instead, the Middle District construed the statute when denying the prior petition – without any indication that any deference to an agency interpretation was being applied – and determined that text of the statute itself authorized the BOP to aggregate Petitioner's sentence for computation purposes.[5]  Thus, because <u>Chevron</u> deference never was considered in denying the petition in the

---

[4] <u>Chevron</u> deference applied to agency interpretations of statutes that were silent or ambiguous as to as certain matter.  "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. <u>Chevron</u>, 467 U.S. at 842-43, <u>overruled by</u> <u>Loper Bright</u>, 603 U.S. 369.

[5] Indeed, other courts have rejected similar arguments, and have held that, even after the issuance of <u>Loper Bright</u>, 18 U.S.C. § 3584(c) allows the BOP to aggregate multiple sentences, and to deny ETCs even if all of the aggregated convictions are not disqualifying under Section 3632(d)(4)(D). <u>Giovinco v. Pullen</u>, 118 F.4th 527, 531-32 (2d Cir. 2024), <u>cert. denied sub nom.</u> <u>Giovinco v. Flowers</u>, No. 24-6827, 2025 WL 1151338 (U.S. Apr. 21, 2025) ("In light of this legal background, we conclude that the aggregation provision applies to the BOP's administration of the FSA time credit program. . . .  In the context of the aggregation provision and precedent holding that the aggregation provision applies to other sentencing credit programs, the phrase 'is serving a sentence for' is best understood as referring to the prisoner's aggregate term of imprisonment.").  <u>See also</u> <u>id.</u> at 533 ("In this case, Congress has directed that—for the purpose of administering a judicially imposed sentence—the BOP must aggregate multiple terms of imprisonment. That 'administrative (continued . . .)

Middle District, the Supreme Court's holding in <u>Loper Bright</u> simply cannot affect its outcome, and Petitioner's attempt to apply it here is misplaced.

In this case, it is clear that all claims concerning the application of ETCs to Petitioner's aggregate sentence of 138 months could have been raised in his prior federal habeas petition in the Middle District. Thus, the current Petition constitutes an abuse of the writ and must be dismissed. <u>Durr v. United States.</u>, 156 F.3d 1229 (Table), 1998 WL 399621, at *1 (6th Cir. 1998) ("A petitioner abuses the writ by raising a claim in a subsequent petition that could have been raised in an earlier petition, regardless of whether the failure resulted from inexcusable neglect or a deliberate choice."); <u>United States v. Keith</u>, 992 F.2d 1220 (Table), 1993 WL 142086, at *1 (9th Cir. 1993) ("A district court may dismiss a habeas petition for an abuse of the writ when a petitioner raises a claim in a subsequent petition that could have been raised in the first petition, 'regardless of whether the failure to raise it earlier stemmed from a deliberate choice.'").

## IV.    CERTIFICATE OF APPEALABILITY

A certificate of appealability is not required for federal prisoners seeking relief under Section 2241. <u>Muza v. Werlinger</u>, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). Therefore, it is not necessary to determine whether one should be issued here.

---

purpose' includes the implementation of the FSA time credit program that may reduce the sentence. In reaching this conclusion, we agree with every other circuit court to have considered the question."). <u>Accord.</u> <u>Colotti v. Peters</u>, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025) (citing <u>Giovinco</u> with approval).

Thus, even if the instant Petition were not barred by the abuse of the writ doctrine, it still would lack merit.

An appropriate order follows.

Dated: July __11__, 2025

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    Daniel Teed
       38472-068
       Loretto
       Federal Correctional Institution
       Inmate Mail/Parcels
       P.O. Box 1000
       Cresson, PA 16630

       All counsel of record (*via* CM/ECF).